IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.M., by and through<br>her next friends, D.M. and R.R., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-1789 |
| JOSHUA INDEPENDENT SCHOOL<br>DISTRICT, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

R.M., by and through her next friends, D.M. and R.R., complaining of and against the Joshua Independent School District ("Joshua ISD"), alleges as follows:

## I.     INTRODUCTION

1. R.M. is a fifteen year-old student with an intellectual disability based on an autosomal anomaly.

2. She does not exhibit any problematic behaviors and thrives on having the opportunity to interact with her friends at school. She received special education services in elementary school at her home campus and did well, in part because she received instruction and services along with other students who could act as positive behavioral models and on the same campus with her family members and close friends. The close proximity of her friends and family not only provided her the benefit of socialization and appropriate models, but also gave her a consistent and stable framework for her educational development.

3. When R.M. entered middle school in the fall of 2021, however, Joshua ISD placed her in a functional academics classroom at a different campus, not because she would benefit in any

1

way from such a relocation, but rather because it served the administrative convenience of the school district to provide services and instruction there.

4.      Furthermore, Plaintiff's parents had obtained information to the effect that many of the children served by Joshua ISD in the middle school functional academics classroom at the new campus had behavioral difficulties that would present an inappropriate educational environment for R.M.  Plaintiff's own behavior is appropriate and unproblematic, in part because she has had consistent exposure to her typically developing peers and has modeled her behavioral patterns and her language use after them.  Receiving her instruction and services on a new campus in a functional academics classroom with students with behavioral difficulties would disrupt Plaintiff's stable growth in this regard.  Plaintiff has already experienced this difficulty to some degree as she had studied in a functional academics classroom in elementary school and had been exposed increasingly to students with behavioral difficulties with the problematic effects outlined above.

5.      In light of these concerns Plaintiff's parents removed her from special education and sought accommodations from Joshua ISD under Section 504 of the Rehabilitation Act of 1973.  They hoped thereby to have Plaintiff educated on her home campus with the appropriate supports and accommodations necessary to facilitate such education.  However, Joshua ISD proposed as a plan for purposes of Section 504 effectively the same plan that would have gone forward if Plaintiff had remained in special education—placement in the functional academics classroom on the new campus.  Consequently, Plaintiff's parents refused the proposal.  Plaintiff was forced to attend the general education classroom without appropriate and necessary accommodations, supports, and services.  Plaintiff has the capacity to make meaningful progress and to receive

both academic and non-academic benefits in the general education classroom if provided appropriate and necessary accommodations and supports.

6. On August 27, 2021, Plaintiff filed an administrative due process complaint pursuant to the Individuals with Disabilities Education Act, based on the school district's above-described failures. The school district contended that the administrative hearing officer had no jurisdiction to hear the matter because R.M. had been removed from special education. On September 28, 2021, the administrative hearing officer granted the school district's motion to dismiss on this basis.

7. Plaintiff thus seeks relief from this Court and requests that this Court enjoin Joshua ISD from failing to provide her the appropriate supports, accommodations, and services she requires on her home campus in the general education classroom setting in which she can receive meaningful academic and non-academic benefits in a manner appropriate to her unique needs, characteristics, and circumstances.

## II. PARTIES

8. Plaintiff R.M. is a fifteen year-old student with an intellectual disability. She resides in Johnson County.

9. Defendant Joshua Independent School District is a school district in Johnson County. It accepts federal funds.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

11. Plaintiff's discrimination claims are brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794(a).

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV.     BACKGROUND FACTS

13.     R.M. is a fifteen year-old student with an intellectual disability based on an autosomal anomaly.

14.     She does not exhibit any problematic behaviors and thrives on having the opportunity to interact with her friends and her sisters at school.  She received special education services in elementary school at her home campus and did well, in part because she received instruction and services along with other students who could act as positive behavioral models and on the same campus with her family members and close friends.  The close proximity of her friends and family not only provided her the benefit of socialization and appropriate models, but also gave her a consistent and stable framework for her educational development.  Plaintiff's sisters, who attend school at their home campus, have energetically and enthusiastically worked over the years to make sure that Plaintiff participates in a positive and welcoming educational environment.

15.     When R.M. entered middle school in the fall of 2021, however, Joshua ISD placed her in a functional academics classroom at a different campus, not because she would benefit in any way from such a relocation, but rather because it served the administrative convenience of the school district to provide services and instruction there.  The school district has never provided any grounds to believe that the change in campus would benefit Plaintiff in any way or that there is any basis for such a change rooted in Plaintiff's unique characteristics, circumstances, or needs.

16.     Furthermore, Plaintiff's parents had obtained information to the effect that many of the children served by Joshua ISD in the middle school functional academics classroom at the new campus had behavioral difficulties that would present an inappropriate educational environment for R.M.  Plaintiff's own behavior is appropriate and unproblematic, in part because she has had consistent exposure to her typically developing peers and has modeled her behavioral patterns and her language use after them.  Receiving her instruction and services on a new campus in a functional academics classroom with students with behavioral difficulties would disrupt Plaintiff's stable growth in this regard.  Plaintiff has already experienced this difficulty to some degree as she had studied in a functional academics classroom in elementary school and had been exposed increasingly to students with behavioral difficulties with the problematic effects outlined above.  On information and belief, Plaintiff's participation in the functional academics classroom in middle school on the new campus would substantially exacerbate the difficulties Plaintiff has already experienced in such a classroom.  Moreover, Plaintiff began using a LAMP (Language Acquisition through Motor Planning) device in 2020 which facilitates her communication in the general education setting.  The school district's failure to provide her appropriate access to that setting has resulted in greatly decreased range of communication options and greatly increased limitations placed upon the academic and non-academic growth that the use of the LAMP device would have allowed her in the general education setting, particularly on her home campus with the typically developing peers with whom she has associated her entire life.

17.     In light of these concerns Plaintiff's parents removed her from special education and sought accommodations from Joshua ISD under Section 504 of the Rehabilitation Act of 1973.  They hoped thereby to have Plaintiff educated on her home campus with the appropriate

5

accommodations and supports necessary to facilitate such education.  However, Joshua ISD proposed as a plan for purposes of Section 504 exactly the same plan that would have gone forward if Plaintiff had remained in special education—placement in the functional academics classroom on the new campus.  Consequently, Plaintiff's parents refused the proposal.  Plaintiff was forced to attend the general education classroom without appropriate and necessary accommodations, supports, and services.

18. On August 27, 2021, Plaintiff filed an administrative due process complaint pursuant to the Individuals with Disabilities Education Act, based on the school district's above-described failures.  The school district contended that the administrative hearing officer had no jurisdiction to hear the matter because R.M. had been removed from special education.  On September 28, 2021, the administrative hearing officer granted the school district's motion to dismiss on this basis.

19. Plaintiff had difficulties academically during the 2021-2022 school year in light of the failure of Joshua ISD to provide her appropriate and necessary supports and accommodations in the general education classroom.  The school district has indicated that it will hold her back a year in school as a result, but has not indicated that it will change its own approach to her education.  Appropriate and necessary accommodations for Plaintiff include the support of a dedicated paraprofessional and resource room support.  Such supports are not unduly burdensome for the school district to provide.

20. Plaintiff thus seeks relief from this Court and requests that this Court enjoin Joshua ISD from failing to provide her the appropriate accommodations, supports and services she requires on her home campus in the general education classroom setting in which she can receive

meaningful academic and non-academic benefits in a manner appropriate to her unique needs, characteristics, and circumstances.

## COUNT I:

## VIOLATIONS OF SECTION 504

21. Plaintiff incorporates by reference paragraphs 1-20 as set forth above.

22. Joshua ISD, a public school district, is a recipient of federal funds within the meaning of that term under Section 504.

23. R.M. has a "disability" within the meaning of 29 U.S.C. § 705(9) and is otherwise a qualified individual under Section 504.

24. The general education classroom with appropriate accommodations, supports, and services is the least restrictive environment for Plaintiff educationally and is the appropriate environment in which Joshua ISD should provide such services.

25. Joshua ISD's actions and omissions constitute unlawful discrimination under 29 U.S.C. § 794(a). They further constitute bad faith and gross misjudgment, particularly in that the school district's actions and omissions have resulted in Plaintiff having to attend school with no accommodations or supports at all over the past school year in light of her parents' unwillingness to subject her to the injuries that would befall her in an inappropriate setting on another campus.

26. Joshua ISD's actions and omissions are causing and will continue to cause Plaintiff irreparable injury for which there is no adequate remedy at law and will further disserve the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    A.    That this Court assume jurisdiction of this cause;

B.      That this Court enter a preliminary and permanent injunction enjoining Defendant Joshua ISD from refusing to provide instruction and services to Plaintiff on her home campus in the general education classroom with appropriate accommodations and supports, such as a dedicated paraprofessional and resource room support.

C.      That this Court, upon final trial of this matter, make the preliminary injunction permanent;

D.      That this Court award Plaintiff compensatory educational hours in an amount to be proven at trial;

E.      That this Court award Plaintiff his costs and fees, including reasonable attorneys' fees; and

F.      That this Court grant such additional relief as it deems equitable and just.

Dated:  August 15, 2022

                        Respectfully Submitted,

                        __/s/ Mark Whitburn_____
                        Mark Whitburn
                        Texas Bar No. 24042144
                        Sean Pevsner
                        Texas Bar No. 24079130
                        Whitburn & Pevsner, PLLC
                        2000 E. Lamar Blvd., Suite 600
                        Arlington, Texas 76006
                        Tel: (817) 653-4547
                        Fax: (817) 653-4477
                        mwhitburn@whitburnpevsner.com