IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R.M., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-1789-N |
| § | |
| JOSHUA INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Joshua Independent School District's ("Joshua ISD") motion to dismiss [3]. Because Plaintiff R.M. pled facts sufficient to state a claim for intentional discrimination under section 504, the Court denies the motion.

## I. ORIGINS OF THE MOTION

This case arises out of a dispute regarding the alleged failure to provide educational accommodations to a fifteen-year-old student with an intellectual disability. Compl. ¶ 1 [1]. During R.M.'s time in elementary school, Joshua ISD provided special education services at her home campus and placed her with other students who could act as positive behavioral models. *Id*. ¶ 2. When R.M. entered middle school in the fall of 2021, Joshua ISD placed her in a functional academics classroom at a different campus catering to students who had behavioral difficulties. *Id*. ¶ 4. Although R.M. typically does not exhibit behavioral issues, exposure to misbehaving peers disrupts R.M.'s stable growth. *Id*. R.M.'s parents removed her from special education and petitioned Joshua ISD for

ORDER – PAGE 1

accommodations under section 504 of the Rehabilitation Act of 1973. *Id.* ¶ 5. R.M.'s parents asked to place her in the home campus with appropriate support and accommodations to facilitate her education. *Id.* Joshua ISD's counterproposal would place R.M. in the functional academics classroom in her home campus. *Id.* R.M.'s parents rejected this proposal. *Id.* R.M. remained in the general education program without accommodations or services. *Id.*

In August 2021, R.M.'s parents filed an administrative due process complaint pursuant to the Individuals with Disabilities Education Act ("IDEA") based on Joshua ISD's failures to provide appropriate services. *Id.* ¶ 6. The administrative hearing officer dismissed the claims on the basis that R.M.'s removal from special education deprived the officer of jurisdiction to hear the complaint. *Id.* ¶ 6. R.M. struggled academically during the 2021-2022 academic year due to the lack of appropriate support. *Id.* ¶ 19. R.M., by and through her next friends, D.M. and R.R., filed suit seeking injunctive relief to place R.M. in her home campus in the general education program with appropriate accommodations, compensatory educational hours, and costs and fees. Joshua ISD now moves to dismiss R.M.'s claims under Rule 12(b)(6).

## II. Rule 12(b)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v.*

ORDER – PAGE 2

*Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III.  THE COURT DENIES THE MOTION TO DISMISS

The Court denies Joshua ISD's motion to dismiss because R.M.'s parents did not refuse to consent to services, and R.M. has sufficiently pled intentional discrimination under section 504.

#### A.  *R.M.'s Parents Did Not Refuse to Consent to Services Under IDEA and Section 504*

Joshua ISD argues that because R.M.'s parents revoked their consent, R.M. did not qualify for services under IDEA or the section 504 program. Mot. to Dismiss 3 [3] (citing 34 C.F.R. § 300.300). At this stage of litigation, the Court must construe the allegations

regarding the declination of services in R.M.'s favor. *Gines*, 699 F.3d at 816. The complaint states that R.M.'s parents "refused the proposal," and R.M. "was forced to attend the general education classroom"; the Court infers that R.M.'s parents intended to continue negotiations over the appropriate accommodations and did not decline section 504 services altogether. Compl. ¶ 17. Accordingly, the Court denies the motion to dismiss.

### B. R.M. Sufficiently Pleads Intentional Discrimination Under Section 504

Joshua ISD further argues that the complaint's allegations regarding intentional discrimination are conclusory. The Court disagrees. The complaint provides a litany of details to support the allegation of intentional discrimination. Joshua ISD provided services to R.M. at her home campus in general education classrooms throughout elementary school and presumably had knowledge of her stable educational development. *See id.* ¶ 14. But Joshua ISD provided R.M.'s parents no basis for changing this framework that benefited R.M. for many years. *Id.* ¶ 15. Joshua ISD provided no explanation before removing R.M. from the home campus where her siblings and friends would attend school or moving her to a functional academics classroom for students with behavioral difficulties. When R.M.'s parents raised these concerns and asked for appropriate accommodations through a separate program, Joshua ISD proposed the same allegedly problematic framework. *Id.* ¶ 17. The Court can infer bad faith and gross misjudgment from the sudden changes, lack of explanation, insistence on the same plan despite parental concerns, and the refusal to negotiate or compromise.

Furthermore, the Court is not persuaded by Joshua ISD's argument that Fifth Circuit precedent undermines R.M's claims. The Fifth Circuit has allowed placement on campuses

ORDER – PAGE 4

with centralized services in cases where the "child may have to travel farther … to obtain better services." *Flour Bluff Indep. Sch. Dist. v. Katherine M.*, 91 F.3d 689, 695 (5th Cir. 1996). But R.M. alleges that Joshua ISD decided to move R.M. to a separate campus solely for the district's convenience rather than any benefit to R.M. Compl. ¶ 15. Construing the complaint in R.M.'s favor, the Court can infer that the district's decision demonstrated bad faith and gross misjudgment. Accordingly, R.M. has pled sufficient facts to state a claim for intentional discrimination under section 504.

## CONCLUSION

Because R.M. has pled facts sufficient to state a claim under Rule 12(b)(6), the Court denies the motion to dismiss.

Signed November 16, 2022.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 5